NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0019n.06

No. 11-5933

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 07, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CLYDE BRADDOCK, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM. Clyde Braddock, who is represented by counsel, appeals his convictions for (1) conspiring to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) possessing with the intent to distribute and distributing over five grams of cocaine base, in violation of section 841(a)(1); and (3) possessing with the intent to distribute and distributing cocaine, in violation of section 841(a)(1). The district court subsequently sentenced Braddock to 180 months of imprisonment.

On appeal, Braddock argues that there was insufficient evidence to support his convictions and that the district court erred by admitting coconspirator statements without making sufficient findings pursuant to *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978).

"When reviewing claims for insufficient evidence, we will sustain a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not weigh the evidence, evaluate the credibility of the witnesses, or substitute our judgment for that of the jury.

*See United States v. Garrido*, 467 F.3d 971, 984 (6th Cir. 2006); *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001).

To support a conviction under section 841(a)(1), the government must establish that Braddock (1) knowingly or intentionally, (2) distributed or possessed with an intent to distribute, (3) cocaine or cocaine base. 21 U.S.C. § 841(a)(1). To support a conviction under section 846, the government must establish that Braddock (1) made an agreement with at least one other conspirator to violate the drug laws, (2) had knowledge of and intent to join in the conspiracy, and (3) participated in the conspiracy. *See United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006); *see also* 21 U.S.C. §§ 841(a)(1) and 846. "It is not necessary that the government prove a formal agreement, and the existence of a conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in a common plan." *Paige*, 470 F.3d at 608–09.

Audural Cross testified that he purchased $900 worth of cocaine and cocaine base from Braddock. Cross identified Braddock at trial as the man from whom he purchased the controlled substances. Cross also testified that he had been purchasing a half ounce to an ounce of cocaine base from Braddock three to four times a week from approximately March 2006 until February 2008. Cross testified that he was a drug dealer and would sell the drugs he purchased from Braddock in Bolivar, Tennessee. Although Braddock argues that no rational trier of fact could have believed Cross's testimony, "it is well-settled that on appeal, there 'is no place . . . for arguments regarding a government witness's lack of credibility . . . .'" *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999) (quoting *United States v. Adamo*, 742 F.2d 927, 934–35 (6th Cir. 1984)).

In addition to Cross, Jarrell Williams testified that he also purchased cocaine base and cocaine from Braddock through Victor Robinson because Braddock would not deal directly with him. Robinson and Williams would pool their money to purchase the controlled substances from Braddock. Williams was also able to explain the circumstances surrounding each drug transaction between Robinson and Braddock. Williams testified that he received cocaine from Braddock

through Robinson from approximately November 2006 until March 2007. He purchased only a quarter ounce of cocaine base in this manner from approximately March 2007 until May 2007. In October 2007, he began purchasing a half ounce of cocaine base in this manner. Based on Cross's and Williams's testimony, a reasonable jury could have found Braddock guilty beyond a reasonable doubt of violating sections 841(a)(1) and 846.

Braddock next argues that the district court abused its discretion by admitting statements pursuant to Federal Rule of Evidence 801(d)(2)(E) without first properly finding that the statements were made during the pendency of and in furtherance of a conspiracy. "We review a district court's decision to admit evidence for abuse of discretion." *United States v. Lopez-Medina*, 461 F.3d 724, 741 (6th Cir. 2006). Even if a district court abused its discretion, "we do not reverse a conviction if the error is harmless, meaning that 'it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id.* (quoting *United States v. Baldwin*, 418 F.3d 575, 579 (6th Cir. 2005)).

A statement is not hearsay if "[t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Before the statement of a coconspirator can be admitted, the government "must show that: (1) a conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the coconspirator's statement was made in the course and in furtherance of the conspiracy." *United States v. Kone*, 307 F.3d 430, 440 (6th Cir. 2002) (citing *Enright*, 579 F.2d at 986 n.7). The district court must find that the government made such a showing by a preponderance of the evidence. *Lopez-Medina*, 461 F.3d at 746.

The district court did not make specific findings. Rather, the court made a conclusory determination that the statements in question were made by a coconspirator in an ongoing conspiracy. "Despite this court's stated preference for specific *Enright* findings, even conclusory findings have been upheld when the court could conclude with confidence that the government had

met its burden." *United States v. Martinez*, 430 F.3d 317, 328 (6th Cir. 2005). This is such a case. Based on the previous review of Braddock's sufficiency-of-the-evidence claim, sufficient evidence exists to establish by a preponderance of the evidence that a conspiracy existed between Williams, Robinson, and Braddock to distribute controlled substances. *See id*. Moreover, the evidence supports a finding that Robinson's statements to Williams were made during and in furtherance of the conspiracy. Accordingly, the district court did not abuse its discretion when it admitted the statements.

The district court's judgment is affirmed.